IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NEIL WEINSTEIN, | ) Civil Action No. 4:07-0709-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) |
| | ) REPORT AND RECOMMENDATION |
| UNITED STATES POSTAL SERVICE; | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, appearing *pro se*, filed this action in state court and defendant removed the case to this court on March 13, 2008. Defendant filed a motion to dismiss or in the alternative for summary judgment on October 16, 2007. Because plaintiff is proceeding pro se, he was advised on or about October 17, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion to dismiss, summary judgment could result in the dismissal of his complaint. Plaintiff failed to file a response.

A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

 (2) the amount of prejudice to the defendant;

 (3) the history of the plaintiff in proceeding in a dilatory manner; and,

 (4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendant's motion to dismiss or the Court's Order requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II. CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

           Respectfully submitted,

           s/Thomas E. Rogers, III
           Thomas E. Rogers, III
           United States Magistrate Judge

April 7, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**